# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDDIE H. BILLINGS, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-0654-LJM-TAB |
| | ) | |
| GOV JUDGE MARLA CLARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting *In Forma Pauperis* Status and Dismissing Action**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted**.

The plaintiff's motion for the appointment of counsel [dkt. 3] is **denied as moot.**

**II.**

**A.**

The complaint is now subject to screening pursuant to 28 U.S.C. ' 1915(e)(2)(B). This statute requires a court to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, to satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Mr. Billings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Applying these standards, the complaint must be dismissed for failure to state a claim upon which relief can be granted and for lack or jurisdiction for the reasons explained below:

The plaintiff sues Judge Marla Clark , an unnamed prosecutor, and Judge K. Mark Loyd. It is public knowledge that Judge Clark is a judge of the Juvenile Court in Johnson County and Judge Loyd is a Circuit Court Judge of Johnson County. Mr. Billings alleges that he is owed money as a result of Judge Clark's findings in a child visitation and support arrearage hearing that was conducted in late 2013. He alleges that the prosecutor failed to set up any payment arrangement for the money Mr. Billings is owed. The relief he seeks is that the parties give him the money that he is owed.

Any claims against Judge Clark and Judge Loyd in their official capacities are barred by Indiana's Eleventh Amendment immunity, *see Woods v. City of Michigan City,* 940 F.2d 275, 279 (7th Cir. 1991)("Indiana law reveals that judges of Indiana's circuit, superior and county courts are judicial officers of the State judicial system. . . ."), and any claim against the judges in their individual capacities are barred by their judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Therefore, any claims asserted against Judge Clark and Judge Loyd are **dismissed** for failure to state a claim upon which relief can be granted.

Any claim against an unnamed prosecutor is **dismissed,** not only because the individual is not identified, but because a prosecutor is entitled to absolute immunity for activities which are "intimately associated" with the judicial process such as initiating and pursuing a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties."). The prosecutor's activities in handling the court proceeding involving Mr. Billings are entitled to absolute immunity.

In addition to the fact that all of the named defendants have immunity from suit, Mr. Billings' claims do not invoke any violation of federal or constitutional law. Therefore, there is no basis on which to invoke the limited jurisdiction of this federal Court. *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009)("Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. See 28 U.S.C. ' ' 1331-32."). Mr. Billings' remedy, if any, might be in a state court in Johnson County. The dismissal of the action for lack of jurisdiction is now mandatory.

## III.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: _____

Distribution:

Eddie H. Billings, Jr.
520 E. Market Street
Indianapolis, IN 46204